IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC L. WHITE                                                            PLAINTIFF

             v.                        Civil No. 4:10-cv-04116

SHERIFF RON STOVALL, Miller County
Arkansas; WARDEN G. TURNER,
Miller County Detention Center;
and NURSE WILLIAMS, Miller County
Detention Center                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to the provisions of 42 U.S.C. §

1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

Separate Defendants Sheriff Ron Stovall and Gary Turner have filed a motion for judgment

on the pleadings (Doc. 23) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Plaintiff has not responded to the motion.

### 1.  Background

The complaint and attached documents consist of one-hundred and four pages of often

repetitive material (ECF No. 1).  White has also filed four supplements to the complaint (ECF No.

4; ECF No. 5; ECF No. 11; ECF No. 12).

According to the allegations of the complaint and supplements thereto, White was in the

Miller County Detention Center from March 9, 2010, to June 11, 2010, and from July 15, 2010,

until April 12, 2011.   These periods of incarceration stemmed from a non-payment of child

support charge, a probation revocation charge, and a charge of failure to appear.

-1-

AO72A
(Rev. 8/82)

He alleges that Warden T. Turner refused to accept White's detainee request forms and informed him that Miller County was not required to have a law library. Plaintiff indicates he was represented by counsel but needed access to a law library to prepare for his upcoming trial and to exercise his "Ex Parte Due Process" right. With respect to Sheriff Stovall, White maintains he is responsible for the detention center and took no action in response to multiple requests and grievances.

With respect to Nurse Williams, White maintains she refused to get his medical prescriptions from the pharmacy and his doctor's office including his blood pressure and heart medication. He also asserts she failed to provide medical attention when he needed it. In particular, White indicates he had problems with frequent nose bleeds, chest pain, with his heart racing, fluctuations in his blood pressure, and trouble breathing that were ignored by Nurse Williams. According to White, he was very sickly, in pain, and suffering from emotional distress. White seeks an award of monetary damages.

### 2. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state

AO72A
(Rev. 8/82)

a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3.  Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendant acted under color of state law and that he violated a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Plaintiff has asserted three claims against Defendants: first, a claim of denial of access to the law library; second, a claim based on inadequacies in the grievance procedure; and third, a denial of medical care claim.  It is undisputed that each of the Defendants acted under color of state law for purposes of § 1983.  Thus, the question is whether he has stated a claim of denial of a constitutional right.

AO72A
(Rev. 8/82)

### Denial of Access to a Law Library

"Inmates have a constitutional right of access to the courts that requires the provision of some means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bear v. Fayram*, 650 F.3d 1120, 1122-23 (8th Cir. 2011)(internal quotation marks and citations omitted). This right may be satisfied in a number of ways such as with "prison libraries, jailhouse lawyers, or private lawyers on contract with the prison, or some combination of these and other devices." *Id*. at 1123. To establish a violation of this right, the inmate must show an "actual injury" by "demonstrat[ing] that the alleged shortcomings hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

White alleges he needed access to the law library to prepare for his up coming trial in which he had counsel. Having been afforded an attorney, White was not also entitled to access to an adequate law library. *See United States v. Kind*, 194 F.3d 900, 905 (8th Cir. 1999)(*pro se* defendant has right of access to adequate law libraries or adequate assistance from person trained in the law). The attorney afforded him access to the courts. Furthermore, he has not alleged that he suffered "an actual injury, that is, hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).

### Inadequate Grievance Procedure

No independent constitutional right to access to a grievance procedure exists. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)("[A] prison grievance procedure is a procedural right only"). "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which

AO72A
(Rev. 8/82)

is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). No plausible claim is stated in this case because the alleged deprivation of access to the grievance procedure did not impair White's right of access to the courts.

### Denial of Adequate Medical Care

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)(citation omitted). "It is well established that deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment." *Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010)(internal quotation marks and citation omitted). The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing  about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011)(internal quotation marks and citation omitted).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those

-5-

needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

No plausible claim is stated by the mere fact that White was in the custody of Sheriff Stovall and Warden Turner. *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011)("It is settled, however, that a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement")(internal quotation marks and citation omitted). Neither the Sheriff nor the Warden may be held liable simply because White was incarcerated at the MCDC. *Id.; see also, Crooks v. Nix*, 872 F.2d 800, 803 (8h Cir. 1989). Furthermore, they cannot be held liable merely because they employ the medical personnel alleged to be involved. *See e.g, Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983).

> A supervisor incurs § 1983 liability
>
> for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see.

*Ottman v. City of Independence, Mo.* 341 F.3d 751, 761 (8th Cir. 2003)(citation and internal quotations omitted).

In this case, White has attached numerous grievances to his complaint and supplements thereto. Many of these grievances are addressed to people outside the detention center including the county clerk, his public defender, and the individual representing the State of Arkansas in connection with the non-support case. *See e.g.,* Docs. 11 & 12. While several grievances are addressed to Sheriff Stovall, these grievances do not mention White's alleged receipt of inadequate medical care. Instead, the grievances address the non-support case, the probation revocation case, and White's request for jail time credit. There is nothing to suggest Sheriff Stovall was involved

-6-

in making any decisions regarding White's medical care, that he interfered in anyway in prescribed care, or that he was even aware of White's claim of inadequate medical care. Thus, no plausible claim is stated against Sheriff Stovall.

With respect to Warden Turner, there is no indication he was personally involved in making decisions regarding White's medical care. However, he may be held liable if he knew the prisoner's "serious medical needs were not being adequately treated yet remain indifferent." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010)(citation omitted). Nothing in the complaint or supplements thereto indicate Warden Turner had any knowledge regarding Plaintiff's medical conditions or that he was aware of Plaintiff's complaints of inadequate treatment. Therefore, there is no basis on which Warden Turner can be held liable on this claim.

### 4. Conclusion

For the reasons stated, I recommend that the motion for judgment on the pleadings (Doc. 23) be granted and all claims against Sheriff Ron Stovall and Warden Gary Turner be dismissed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of December 2011.


/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)