IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC L. WHITE                                                                    PLAINTIFF

v.                              Civil No. 4:10-cv-04116

SHERIFF RON STOVALL, Miller County
Arkansas; WARDEN G. TURNER,
Miller County Detention Center;
and NURSE WILLIAMS, Miller County
Detention Center                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to the provisions of 42 U.S.C. §

1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

Separate Defendant Nurse Williams has filed a motion for summary judgment (ECF No.

26).  Plaintiff filed a response (ECF No. 32).  Defendant filed a reply brief (ECF No. 33).  The

motion is now ready for decision.

### 1.  Background

Plaintiff was incarcerated at the Miller County Detention Center (MCDC) from March 9,

2010, to June 11, 2010, and again from July 15, 2010, to April 12, 2011.  *Defendant's Exhibit*

(hereinafter *Deft's Ex.*) 5 at ¶ 3; *Deft's Ex.* 7.  Correctional Health Care Management Services

(CHM) provides medical services for inmates in the MCDC.  *Id.* at ¶ 2.

Nurse Williams, a licensed practical nurse (LPN), was an employee of CHM.  *Deft's Ex.*

20 at ¶ 3.  Nurse Williams had no authority to prescribe medications.  *Id.* at ¶ 5.

-1-

AO72A
(Rev. 8/82)

Prior to his incarceration, on October 16, 2009, Plaintiff was admitted to Christus St. Michael Health Care Center for surgical repair of a broken left tibia and fibula. *Defendant's Exhibit* (hereinafter *Deft's Ex.*) 1. The orthopedic surgeon was Dr. Gregory Smolarz. *Id.*

On October 17th, Plaintiff was seen by Dr. James Urbina for a consultation due to sinus tachycardia. *Deft's Ex.* 2. Dr. Urbina noted "no significant past medical history" and was on "no chronic medications." *Id.* Dr. Urbina envisioned a scenario where Plaintiff's tachycardia was due to either a fat embolus or a venous thromboembolism as a result of the ankle fracture or a phenomenon caused by alcohol withdrawal. *Id.*

Plaintiff was placed on Lopressor[1] for sinus tachycardia. *Deft's Ex.* 3. Upon discharge, Plaintiff was given prescriptions for Lortab,[2] one tablet every four hours as needed for pain, and Lopressor, to be taken twice daily. *Deft's Ex.* 4.

Plaintiff was seen as an outpatient by Dr. Smolarz on October 30th, December 4th, and January 15, 2010. *Deft's Ex.* 6. At the December 4th visit, Dr. Smolarz continued Plaintiff on Hydrocodone, for thirty days, but did not continue the Lopressor. *Id. See also Deft's Ex.* 17. Dr. Smolarz did prescribe Methylpred[3] for 21 one days on January 19, 2010. *Deft's Ex.* 17.

To obtain non-emergency medical care at the MCDC, an inmate is required to submit an Inmate Health Service Request form. *Deft's Ex.* 5 at ¶ 11. On March 19, 2010, Plaintiff completed a health service request and informed the medical staff that he needed to be continued

---

[1]Lopressor is a brand name for Metoprolol. The medication is used to treat high blood pressure, prevent angina (heart pain), and improve survival after a heart attack. http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682864.html (accessed December 29, 2011).

[2]Lortab is a brand name for a combination product containing Acetaminophen and Hydrocodone. http://www.nlm.nih.gov/medlineplus/druginfo/drug_La.html (accessed December 29, 2011).

[3]Methylpred is a common name for Methypredisolone. Methypredisolone is used to relieve inflammation and pain caused by arthritis or organ or intestinal disorders. http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682795.html (accessed December 29, 2011).

AO72A
(Rev. 8/82)

on his medications. *Deft's Ex.* 9. On March 22nd, Nurse Williams faxed the a medical authorization signed by the Plaintiff to Dr. Smolarz's office and received the records that same day. *Deft's Exs.* 6 & 10. The records showed that Plaintiff had been prescribed the Hydrocodone but not Lopressor. *Id.* That same day, a health assessment form was completed by Gina Stuart, an LPN, employed by CHM. *Deft's Ex.* 11. A heart flutter was noted. *Id.* Plaintiff's pulse was 87, which is within normal limits, and he showed no evidence of sinus tachycardia, an increased heart rate. *Deft's Ex.* 11; *Deft's Ex.* 5 at ¶¶ 6-7.

On April 8th, medical staff requested Plaintiff's records from Christus St. Michael Health Care Center. *Deft's Exs.* 12 & 13. The records were received that day. *Deft's Ex.* 14. As noted above, Plaintiff had no significant past medical history of sinus tachycardia and had not been on any chronic medications.

On March 31st, Plaintiff was placed on Tylenol and Ibuprofen for pain relief. *Deft's Ex.* 15. He remained on the pain relievers until his release from the MCDC on June 11, 2010. *Id.* at pgs. 1-4. According to Defendant, Plaintiff never requested that she obtain copies of prescription records from Fred's Pharmacy in Nashville, Arkansas. *Deft's Ex.* 5 at ¶ 9. He completed no authorization for release of records from Fred's Pharmacy. *Id.*

During Plaintiff's second period of incarceration, he was placed on Tylenol and Ibuprofen for pain relief beginning on July 28th. *Deft's Ex.* 15 at pg. 5. The Tylenol was discontinued on March 15th and Mobic[4] prescribed. *Id.* at pg. 14. He received Tylenol and Mobic until his release on April 12, 2011. *Id.* at pg. 15.

---

[4]Mobic is the brand name for Meloxicam. Meloxicam is used to relieve pain, tenderness, swelling and stiffness caused by arthritis. http://www.nlm.nih.gov/medlineplus/druginfo/meds/a601242.html (accessed December 29, 2011).

On August 18, 2010, Plaintiff was seen by Dr. Nash who prescribed Lasix and K-Dur for treatment of edema in Plaintiff's left lower leg. *Deft's Ex.* 15 at pg. 6; *Deft's Ex.* 18l *Deft's Ex.* 19. Plaintiff was continued on these medications for the duration of his stay at the MCDC. *Id.* at pgs. 6-15.

Nurse Williams was not aware of any complaints by the Plaintiff of nosebleeds at any time during his two periods of incarceration. *Deft's Ex.* 20 at ¶ 6. Plaintiff's medical file at the MCDC did not contain any health service request forms that mention nosebleeds. *Deft's Ex.* 5 at ¶ 12.

With respect to Nurse Williams, White maintains she refused to get his medical prescriptions from Fred's Pharmacy and his discharge medications, Hydrocodone and Lopressor, prescribed by his orthopedic doctor. *Plaintiff's Response* (hereinafter *Resp.*) at pg. 2. He asserts that Dr. Smolarz prescribed Lopressor as Metoporlol from October of 2009 and October 2010. *Id.* at pg. 5. While he indicates the records from Fred's Pharmacy will establish this, the records submitted by Defendant cover the time period from January 1, 2008, to June 7, 2011, and contain only one prescription for sixty tablets of Metoporlol filled on November 28, 2009, and issued by Dr. Glenn. *Deft's Ex.* 17. Plaintiff submitted no pharmacy records. Instead, he merely asserts for the first time that he obtained a prescription for Metoporlol Tartate on January 14, 2010, from a Dr. Robert Sykes at the Howard County Christian Clinic. *Resp.* at pg. 3.

### 2. Applicable Standard

"Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view all evidence and inferences in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, the nonmoving party may

AO72A
(Rev. 8/82)

not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

### 3.  Discussion

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)(citation omitted). "It is well established that deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment." *Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010)(internal quotation marks and citation omitted). The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing  about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011)(internal quotation marks and citation omitted).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

AO72A
(Rev. 8/82)

There is no genuine issue of material fact as to whether Nurse Williams exhibited deliberate indifference to Plaintiff's serious medical needs. The records indicate Nurse Williams promptly obtained copies of the Plaintiff's medical records from both Christus St. Michael Health System and Dr. Smolarz. *Deft's Exs.* 2 & 6. The records were obtained after Plaintiff indicated his orthopaedic doctor, Dr. Smolarz, had prescribed both Lopressor and Hydrocodone. *Deft's Exs.* 8 & 9. Nothing in Dr. Smolarz's records indicate he continued Plaintiff on Lopressor or continued to prescribed Hydrocodone after the prescription given on December 4, 2009, for thirty tablets to be taken as needed, every four to six hours, for pain. *Deft's Ex.* 6. No other records indicate Plaintiff had continued prescriptions for these medications. No where in his medical requests does Plaintiff state that some other physician continued these prescriptions from January of 2010 to March 9, 2010, when Plaintiff's first period of incarceration at the MCDC began.

With respect to the nose bleeds, Defendant has submitted her own affidavit and that of Nadia Brown, an LPN and current Health Services Administrator for CHM. *Deft's Exs.* 5 & 20. Nurse Brown indicates nothing in Plaintiff's medical file contains a complaint about nosebleeds. *Deft's Ex.* 5 at ¶ 12. Further, she states she had no knowledge of Plaintiff complaining about nose bleeds. *Id.* Nurse Williams additionally states she was not "subjectively aware of inmate White's nosebleeds." *Deft's Ex.* 20 at ¶ 6. Plaintiff offers nothing to contradict the statements made by Nurse Brown or Nurse Williams.

### 4.  Conclusion

For the reasons stated, I recommend that the motion for summary judgment (ECF No. 26 filed by separate Defendant Williams be granted and all claims against her be dismissed with prejudice.

AO72A
(Rev. 8/82)

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of December 2011.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)